EMMET SMITH V. STATE OF OHIO.

**1. Exceptions in Criminal Proceedings Limited to Same Time Allowed in Civil Proceedings.**

By virtue of Sec. 13680 G. C., the period within which a bill of exceptions in a criminal case may be prepared and filed is limited to the same time that is allowed by statute in civil actions.

**2. Limitation for Filing Petition in Error in Civil Action not Applicable to Criminal Proceeding.**

The statutory limitation for filing a petition in error to reverse a judgment in a civil action has no application to a criminal action.

[Syllabus by the court.]

ERROR to common pleas court.

*Byron F. Ritchie,* for plaintiff in error.

*Charles M. Milroy,* Pros. Atty., and *August F. Connolly,* for defendant in error.

**RICHARDS, J.**

An indictment for robbery was returned against Emmet Smith in the court of common pleas of this county on March 3, 1911. Trial was had at the same term of court resulting in a verdict of guilty as charged in the indictment, on March 13, 1911. He filed a motion for a new trial within three days and that motion was heard and overruled by the court on March 18, 1911, and the defendant sentenced to the Ohio Penitentiary for a period of ten years. A bill of exceptions was prepared

in the case setting out all of the evidence and that instrument was filed in the court of common pleas on May 27, 1911, and was signed by the trial judge and returned by him to the clerk of that court on June 10, 1911. A petition in error was filed by the defendant in this court on September 12, 1913, in which ten grounds of error are assigned, nearly all of which relate to errors claimed to have been committed during the trial of the case and which could appear only in the bill of exceptions.

In the hearing of the case in this court counsel by brief and by oral argument have relied almost wholly upon contentions that the verdict was contrary to the evidence, that the court erred in its charge to the jury and in the admission and exclusion of evidence, and it is further contended that counsel for the state was guilty of misconduct in his argument to the jury.

The requirements of the statutes providing that the party excepting must reduce his exceptions to writing and file them in the cause are mandatory, and if not complied with, the right to proceed in this court for the purpose of obtaining a reversal for such claimed errors as appear only in the bill of exceptions does not exist. *Pace* v. *Volk*, 85 Ohio St. 413 [98 N. E. Rep. 111].

The question naturally arises whether the period of limitation for the filing of such exceptions, which is fixed for civil cases by Sec. 11564 G. C., controls in the preparation and filing of a bill of exceptions by the defendant in a criminal case. The practice as to criminal cases is controlled by Sec. 13680 G. C., in which section the following language occurs: "and the taking of all bills of exceptions shall be governed by the rules established in civil cases." We have no doubt but that this requirement fixes a period of limitation for bills of exceptions in criminal cases the same as is provided by statute for civil actions. *Kerr* v. *State*, 36 Ohio St. 614, 623; *State* v. *Wirick*, 81 Ohio St. 343, 346 [90 N. E. Rep. 937].

In the case last cited Davis, J., speaking for the court, states that the contention that the taking of bills of exceptions in criminal cases is governed by the statutes applicable to civil cases seems to be correct.

It is clear, therefore, that the bill of exceptions in this case was not filed within the time required by statute and that we have no power nor authority to consider the same.

The petition in error was not filed until more than two years after the rendition of the judgment, but the statutes provide no limitation of time within which such a pleading must be filed in a proceeding to reverse a conviction on a criminal charge.   The statutes relative to petitions in error in civil cases are Secs. 12259 and 12270 G. C., while in criminal cases the proceeding is controlled by Sec. 13573 G. C.   We find no provision in the statutes granting the right to file petitions in error in criminal cases, which in any way refers to or adopts the limitation for petitions in error in civil cases, similar to the provisions as to bills of exceptions contained in Sec. 13680 G. C.

We hold, therefore, that the statutory limitation for filing petitions in error in civil cases has no application to a proceeding in error in a criminal action.   *Blackburn* v. *State,* 22 Ohio St. 581; *Nickel* v. *State,* 3 Circ. Dec. 605 (6 R. 601).

It follows that we may consider the petition in error and pass upon any claimed errors which appear in the record other than those which appear only in the bill of exceptions.   In the argument of the case no such errors were indicated, and a careful examination of the record other than the bill of exceptions, fails to disclose that any exist.

Finding no prejudicial error appearing on the face of the record, the judgment of the court of common pleas will be affirmed.

**Kinkade** and **Chittenden, JJ.,** concur.